IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                      Case No. 15-10085-09-JWB

DANNY J. MORRIS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for early termination of probation. (Doc. 447.) The government opposes the motion. The United States Probation Office takes no position on the motion. For the reasons indicated herein, the motion is DENIED.

**I. Background and Standard**

Defendant was charged with and pled guilty to one count of drug conspiracy in violation of 21 U.S.C. § 846. (Docs. 32, 198.) According to the plea agreement, Defendant frequently purchased methamphetamine from co-Defendant Daniel Nicholson and distributed those drugs in and around Winfield, Kansas. On the day of his arrest in February 2014, Defendant had 122 grams of methamphetamine in his possession. (Doc. 198 at 2.) Under the terms of the Rule 11(c)(1)(C) plea agreement, the parties proposed a sentence of 120 months' imprisonment. Defendant's guideline sentence range was calculated as 120 to 125 months' imprisonment. (Doc. 228 at 25.) Defendant's criminal history included prior drug offenses and, notably, Defendant was on probation for a state drug offense when he committed the federal drug offense. (*Id.* at 15.)

On June 25, 2019, Defendant was sentenced to five years' probation. (Doc. 388.) Defendant has served approximately 45 months of his probation and now moves for early termination of his probation term.

The court may terminate a term of probation at any time after the expiration of one year of probation "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). Courts are also required by § 3564(c) to consider the factors set forth in § 3553(a) to the extent they are applicable, such as: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. Whether to grant a motion to terminate a term of probation is a matter of sentencing court discretion. *United States v. Hartley,* 34 F.4th 919, 928 (10th Cir. 2022).

**II. Analysis**

After considering the relevant factors, the court concludes the motion for early termination of probation should be denied. Defendant has performed well on probation by complying with requests of the probation officer, maintaining stable residence, and maintaining employment. However, the court must also consider other sentencing factors. Defendant was involved in large-scale drug conspiracy. Defendant's sentencing range included a term of incarceration; however, the court sentenced Defendant to a five year term of probation.

The sentencing factors, which supported the sentence Defendant received, and the interests of justice do not support termination of probation in this case. The court finds continued probation is necessary here to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.

### III. Conclusion

Defendant's Motion for Early Termination of Probation (Doc. 447) is DENIED.

IT IS SO ORDERED. Dated this 18th day of April, 2023.

                                               _s/ John W. Broomes_  
                                               JOHN W. BROOMES  
                                               UNITED STATES DISTRICT JUDGE